PEOPLE ex rel. CONSOLIDATED WATER CO. OF SUBURBAN, N. Y. v. BARRETT et al.

(Supreme Court, Special Term, Westchester County. June 2, 1910.)

1. TAXATION (§ 493\*)—ASSESSMENT—REVIEW—CERTIORARI.

Tax Law, §§ 290, 291 (Consol. Laws, c. 60), providing for certiorari to review an assessment against officers making the same, does not authorize review by certiorari of the act of the board of supervisors of Westchester county pursuant to Laws 1874, c. 610, as amended by Laws 1877, c. 193, in reassessing and charging relator's lands with taxes for a certain year rejected for irregularity in the assessment, as the board in such case did not make an assessment, nor prepare, complete, or file an assessment roll.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 493.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TAXATION (§ 493*)—REASSESSMENT—PROCEEDINGS—REVIEW BY CERTIORARI.

Laws 1874, c. 610, as amended by Laws 1877, c. 193, provides, as to unpaid taxes rejected for irregularity in the assessment, that the board of supervisors of Westchester county shall reassess and charge lands of persons intended to have been assessed "for the said rejected taxes," with the amount thereof increased as provided therein. *Held*, that the board's act in such case was purely ministerial, that the statute was mandatory, and the board was without judicial discretion, and hence its action pursuant thereto could not be reviewed by certiorari.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 493.*]

3. TAXATION (§ 497*)—MANDAMUS—REQUIRING REASSESSMENT OF TAXES.

The board could have been required by mandamus to adopt a resolution to reassess and charge lands pursuant to the statute.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 911, 912; Dec. Dig. § 497.*]

4. CONSTITUTIONAL LAW (§ 284*)—DUE PROCESS OF LAW—REASSESSMENT—NOTICE TO LANDOWNER.

Such statute is not unconstitutional because it does not provide for notice to the landowner of a proposed reassessment.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 893–896; Dec. Dig. § 284.*]

Certiorari by the People, on the relation of the Consolidated Water Company of Suburban, N. Y., against Edward P. Barrett and others, composing the Board of Supervisors of the County of Westchester. Writ dismissed.

Walradt, Blaney & Hord, for relator.

Charles A. Van Auken (Howard H. Morse, of counsel), for defendants.

TOMPKINS, J. This is a proceeding under sections 290 and 291 of the tax law (Consol. Laws, c. 60), to review by certiorari the action of the board of supervisors of Westchester county, in reassessing and charging the lands of the relator with the amount of certain taxes appearing on the tax roll of the town of Mt. Pleasant in said county, for the year 1908.

The facts as I find them, briefly stated, are as follows: In the year 1908, the relator's property in the town of Mt. Pleasant, Westchester county, was assessed for the sum of $248,000. After the completion and filing of the assessment roll for that year, and within the time fixed by law, the relator instituted the usual proceeding by writ of certiorari, to review the said assessment, claiming that it was illegal, which proceeding is pending and undecided.

The tax against the relator's property, under the said assessment, having remained unpaid, the town board of the said town of Mt. Pleasant, at a regular meeting held on the 15th day of September, 1909, duly examined the account of unpaid taxes returned to the supervisor of said town for the year 1908, as required by section 3 of chapter 193 of the Laws of 1877, in which account appeared the unpaid taxes upon the relator's said assessment of $248,000, which tax amounted to $2,055.97, and said town board thereupon added a penalty of 7 per cent. thereto, in addition to the penalty of 5 per cent. provided for by the first section of said chapter 193 of the Laws of 1877, and did thereupon, by

resolution duly adopted, reject the said tax of $2,055.97, on the ground that the relator's land assessed as aforesaid was so imperfectly described and so erroneously assessed that the collection of said tax could not be legally enforced. A transcript of said action by the town board in rejecting said tax was filed in the town clerk's office of said town, and a certified copy thereof was presented by the supervisor of said town to the board of supervisors of the county of Westchester at its next annual meeting, held on January 17, 1910, at which time the following resolution was adopted:

"Resolved: That the certified copy of the transcript of the action of the town board of the town of Mt. Pleasant, composed of the supervisor, justice of the peace, and town clerk of said town, rejecting the taxes of the Consolidated Water Company of Suburban, N. Y., for the year 1908, and the resolution offered in regard thereto, for the purpose of reassessing and charging the lands of the Consolidated Water company of Suburban, N. Y., pursuant to section 3 of chapter 193 of the Laws of 1877, be received and placed on file, and that it be made a special order for January 31, 1910; that a hearing thereon be given the Consolidated Water Company of Suburban, N. Y.; and that a copy of said certified transcript of the action of the town board with a copy of said resolution in regard thereto, and this resolution, be served upon the Consolidated Water Company of Suburban, N. Y., by mail, by the clerk of this board, with a notice that a hearing thereon before this board will be given said company on the 31st day of January, 1910, at 11 o'clock in the forenoon, at the supervisors' room in the county courthouse in the village of White Plains."

Notice of the hearing appointed by the said resolution to be held on the 31st day of January, 1910, was duly given the relator, who appeared before the board of supervisors at its meeting on that date, at which meeting the relator's attorney filed a written protest against the reassessing of the relator's said lands, and was heard orally in opposition thereto. The matter was thereupon referred to the judiciary committee of the board, with instructions to report back to the board on February 19, 1910, on which day the relator's counsel was again present, and was again heard in opposition to the proposed action of the board. Thereupon the resolution which had been offered on January 17, 1910, and referred to in the resolution above quoted, reassessing and charging the lands of the relator, intended to have been assessed on the assessment roll of said town for the year 1908, for the said rejected taxes, was adopted by said board, the resolution appearing in full in the return made by the defendants in this proceeding; and it is that action by the board of supervisors of said county that is sought to be reviewed by this proceeding.

The law under which the said board of supervisors acted, in reassessing and charging the said unpaid taxes against the relator's lands, is section 3 of chapter 193 of the Laws of 1877, amending chapter 610 of the Laws of 1874, and reads as follows:

"The said board composed of the supervisor, the justice of the peace, and town clerk of the town, or a majority of them, shall examine the account of unpaid taxes returned to the supervisor, and shall add to each of the amounts so returned, seven per cent. thereon, in addition to the penalty of five per centum mentioned in the first section hereof, and shall reject all taxes on lands so imperfectly described, or so erroneously assessed, that the collection thereof cannot be legally enforced, and shall file a transcript thereof in the town clerk's office. A copy thereof duly certified by the town clerk shall be pre-

sented by the supervisor of the town to the board of supervisors at their next annual meeting, and said board shall reassess and charge the lands of persons intended to have been assessed for the said rejected taxes, with the amount of such tax, and the percentage thereon, and shall direct the collection thereof with the other taxes of the year, in the same manner as such taxes are directed to be collected."

The act of the board of supervisors in reassessing and charging the relator's lands with the rejected taxes of 1908 is now sought to be reviewed and declared illegal and unauthorized, by writ of certiorari, under sections 290 and 291 of the tax law.

It is my opinion that sections 290 and 291 of the tax law do not authorize a review by writ of certiorari of the action of the board of supervisors of the county, under chapter 193 of the Laws of 1877. The board of supervisors did not make an assessment, nor did they prepare, complete, or file an assessment roll. Sections 290 and 291 of the tax law, authorizing a review of an assessment by writ of certiorari, apply only to assessment rolls prepared, completed, and verified by a board or body having power to determine and fix the value of the property assessed, and deposited by such board or body with the town clerk, or other officer, as required by the tax law.

The relator's counsel say in their brief that this proceeding is taken under sections 290 and 291 of the tax law. Section 290 reads:

"Any person assessed upon any assessment roll, claiming to be aggrieved by any assessment for property therein, may present," etc.

It seems plain to me that the act of the board of supervisors complained of was not an assessment within the meaning of this section. Said board did not determine or fix the valuation of the property, but simply reassessed and charged the relator's lands with the 1908 rejected tax, and directed the collection thereof, with the other taxes for the year 1909, and that was done because of the imperfect description of the relator's lands upon the original town assessment roll, and was in strict compliance with the provisions of chapter 193 of the Laws of 1877.

The case of People ex rel. Barnard v. Wemple, 117 N. Y. 77, 22 N. E. 761, relied upon by the relator, and claimed by counsel to be on all fours with the case at bar, seems to me to be not at all parallel to this case. In that case, the State Comptroller made an assessment against "persons who had not been assessed before." Hence it was a new and original assessment, or an attempt to make a new and original assessment, which he had no power to make. In this case an erroneous description in an assessment which had been legally made by the town assessors of the town of Mt. Pleasant was corrected. No new assessment was made, nor were any additional lands included.

In the Douglas Case, which is cited by the relator's counsel, in support of the claim that the act of the supervisor was not an act of reassessment, but was an original assessment, there had been a determination by the court that the assessment made by the local assessors was void, and it had been ordered stricken from the assessment roll before the board of supervisors acted. Under chapter 193 of the Laws of 1877, the Court of Appeals held in that case:

"That at the time the board of supervisors reassessed the tax, there was no unpaid tax inasmuch as the assessment had already been declared void by the court."

But in this case the certiorari proceeding against the assessors of the town of Mt. Pleasant, involving the validity of the town assessment of 1908, is still pending and undetermined, and the tax levied thereupon remains unpaid, and was properly rejected by the town board under the Laws of 1877, and reassessed and charged upon the relator's lands by the board of supervisors, and if the relator is finally successful in its certiorari proceeding against the assessors of the town of Mt. Pleasant, and the assessment is set aside because illegal or erroneous, then the relator may maintain a proceeding under the tax law for the refunding of any tax that it may have paid upon such illegal or erroneous assessment.

Another objection to a review of the action of the board of supervisors by writ of certiorari under the tax law is the fact that the act of the board of supervisors was a ministerial act, and not a judicial act. Chapter 193 of the Laws of 1877, under which the board acted, which is a local act applying only to Westchester county, seems to make it mandatory upon the supervisors to reassess and charge the lands of persons intended to have been assessed "for the said rejected taxes."

The board of supervisors had no discretion in the matter, nor could they exercise any judicial function. I think, moreover, that the defendants could have been required by mandamus, upon the application of the town board or supervisor of the town of Mt. Pleasant, to adopt the resolution that they did adopt, and which is now complained of, and sought to be reviewed by the relator. They had no discretion respecting the amount of the assessment, or the amount of the tax to be levied or charged thereupon, and their act was purely ministerial, and in compliance with the express and positive direction of the statute. Such an act cannot be reviewed by a writ of certiorari.

The relator questions the constitutionality of the statute of 1877, under which the defendants acted; but that statute has been in operation for more than 30 years, and has been reviewed and passed upon by the Court of Appeals, in the matter of Douglas v. Board of Supervisors of Westchester County, 172 N. Y. 309, 65 N. E. 162, and I shall not attempt to discuss that question further than to say that its unconstitutionality is urged upon the ground that it provides for no notice to the landowner of the proposed reassessment, and the charging of the land with the unpaid and rejected tax. Of course, if the act of the assessors was an original assessment, the landowner would be entitled to some notice of the making of the assessment, or of an opportunity to be heard before it was finally completed; but as this was not an original assessment, and designed only to correct a defective description in an assessment of which the owner must be presumed to have had the statutory notice, the rule does not apply; but, further than that, in this proceeding the fact is admitted that the relator did have actual notice of the proposed action of the defendants, and actually appeared on two occasions at meetings of the board of supervisors, and protested against, and was heard upon the resolution, before it was acted upon or adopted.

For these reasons the writ is dismissed, with costs to the defendants.